Armand F. Roberge v. Commissioner.
Roberge v. Commissioner
Docket No. 1555-63.
United States Tax Court
T.C. Memo 1966-1; 1966 Tax Ct. Memo LEXIS 279; 25 T.C.M. (CCH) 1; T.C.M. (RIA) 66001; January 4, 1966
*279 Gain on sale of rental property for cash recognized. Sections 1031, 1033, and 1034, I.R.C. 1954, not applicable. Armand F. Roberge, pro se, 5021 12th St., Seattle, Wash. Eli Blumenfeld, for the respondent. DRENNEN
*280 Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in petitioner's income taxes for the years 1960 and 1961 in the amount of $546.93 and $1,022.27, respectively. All issues except one have been conceded or agreed upon by the parties. [1] The one issue remaining for decision is whether gain realized by petitioner on the sale of a building and lot located at 455 North 35th Street, in Seattle, Wash., in the year 1961 is to be recognized. Respondent concedes that there is no deficiency in petitioner's income tax for the year 1960. Findings of Fact The facts stipulated are so found and are incorporated herein by reference. Petitioner is a single man who resided in Cle Elum, Fall City, and at 12508 Eighth Place, Everett, Wash. *281 , during the years 1960 and 1961. He filed original income tax returns for the calendar years 1960 and 1961 with the district director of internal revenue, Tacoma, Wash. The office of the district director of internal revenue, Seattle, Wash., received an amended return for 1960 and two amended returns for the year 1961 from petitioner. Petitioner's primary occupation during the years involved was teaching school. On April 4, 1947, petitioner acquired a building and the land on which it is located at 455 North 35th Street, Seattle, Wash., for a purchase price of $4,250 with the intent of converting this property into a duplex for rental purposes, which objective was accomplished. Petitioner made improvements and additions to the above property during the years 1947 through 1959 in the total amount of $14,196.47, as shown in the stipulation of facts. On March 3, 1955, petitioner acquired a building and the land on which it is located at 2120 East 54th Street, Seattle, Wash., for a purchase price of $10,431.64 with the intent of converting this property into a duplex for rental purposes, which objective was accomplished. Petitioner made improvements and additions to this property during *282 the years 1955 through 1957 in the total amount of $4,242.50, as shown in the stipulation of facts. The correct useful life for each of the above rental properties for purposes of computing depreciation thereon is 15 years from the date of acquisition thereof by petitioner. In 1961 petitioner sold the rental property located at 455 North 35th Street, Seattle, Wash., to Seattle Disposal Co., a private corporation, for $12,000 cash. In 1961 petitioner sold the rental property located at 2120 East 54th Street, Seattle, Wash., for a sales price of $15,000. Petitioner received a downpayment consisting of a boat and $600 cash. The real estate contract under which this property was sold provides that the balance of the purchase price in the amount of $13,000 was to be paid at the rate of $100 per month beginning on May 25, 1961. The parties hereto agree that this real estate contract was not negotiable, nor was it the equivalent of cash, and that no capital gain was realized on this sale in 1961 because petitioner did not recover his adjusted cost basis in that year. In 1961 petitioner purchased land at 12508 Eighth Place, Everett, Wash. This land is contiguous to land purchased by *283 petitioner in 1957. By 1962 petitioner had constructed some sort of a frame building on this property. In the notice of deficiency respondent determined that petitioner realized a long-term capital gain in the amount of $1,678 on the sale of the property located at 455 North 35th Street, Seattle, Wash. Opinion We gather from petitioner's testimony and his briefs that he contends, first, that he actually realized no gain on the sale of the property at 455 North 35th Street, Seattle, Wash., and secondly, that if he did realize a gain on the sale in the year 1961 such gain was not recognizable for tax purposes under sections 1031, 1033, and 1034 of the 1954 Code, or a combination thereof. Unfortunately petitioner has submitted no probative evidence and has directed our attention to no authorities in support of his position. The parties have stipulated the original cost of the property to petitioner, the cost to petitioner of all improvements and additions thereto, the useful life of the property for purpose of depreciation and the depreciation allowable thereon during the period the property was held by petitioner, and the sales price. No additional evidence was offered by either *284 party which would enter into the computation of petitioner's gain, if any, on the sale of this property. The amount of the gain can therefore be correctly computed by the parties under Rule 50 from the stipulated facts. Counsel for respondent stated in his opening statement that the gain would not exceed the amount of gain determined in the notice of deficiency. Petitioner's claim that he actually realized no gain, or very little gain, on the sale of this property is apparently based on the theory that because he had to use most of the cash proceeds from the sale to pay off indebtednesses against the property, no gain was realized. Of course this theory is incorrect; petitioner's gain on the sale for tax purposes was the excess of the amount realized therefrom over his adjusted basis in the property. Sec. 1001, I.R.C. 1954. Furthermore, petitioner offered no evidence concerning the specific disposition of the proceeds from the sale. Petitioner's legal argument seems to be that the two properties he sold in 1961 should be considered as one package, being property used partially for rental or investment purposes (presumably 455 North 35th Street) and partially *285 for his personal residence (presumably 2120 East 54th Street), with the proceeds from both sales being reinvested in the property at 12508 Eight Place, Everett, Wash., which he intended to use partially for his personal residence and partially for investment purposes and, therefore, any gain he realized on the sale of the two properties should not be recognized under sections 1031, 1033, and 1034, I.R.C. 1954. Section 1031 provides that no gain or loss shall be recognized if property held for investment is exchanged solely for property of a like kind to be held for investment. Petitioner testified that the property located at 455 North 35th Street, Seattle, Wash., was rental property and it was sold for cash. There was no exchange of properties. Consequently, section 1031 is not applicable to avoid recognition of gain. Section 1033 provides in substance that if property (as a result of condemnation or threat or imminence thereof) is involuntarily converted into property similar *286 or related in service or use to the property so converted, no gain shall be recognized. Not only is there no evidence that would permit a finding that the property located at 12508 Eighth Place, Everett, Wash., was similar or related in service or use to the property at 455 North 35th Street, Seattle, Wash., but there is also no evidence that the Seattle property was involuntarily converted. The Seattle property was admittedly rental property. There is very little evidence as to just what use was made of the property in Everett except that it is stipulated that petitioner resided at that address in Everett, among other places, during the years involved in these proceedings. Petitioner argues that because Seattle Disposal Co. moved into the area this was tantamount to an involuntary conversion. However, there is no evidence that Seattle Disposal Co. had any powers of condemnation, and petitioner admits that his sale was entirely voluntary. Section 1033 is not applicable. Section 1034 provides in substance that if property used by a taxpayer as his personal residence is sold by him, and, within *287 a period beginning 1 year before the date of such sale and ending 1 year after such date, property is purchased and used by the taxpayer as his principal residence, gain from the sale of the old residence shall be recognized only to the extent that the taxpayer's adjusted sales price of the old residence exceeds his cost of purchasing a new residence. It is clear that petitioner was not using the property at 455 North 35th Street, Seattle, Wash., as his residence at the time of the sale and consequently section 1034 has no application to that sale. There is some evidence to indicate that petitioner may have been residing at 2120 East 54th Street, Seattle, Wash., at the time that property was sold but the parties have agreed that no gain was realized by petitioner on that sale during the year 1961, so the question of whether section 1034 would apply to any gain on the sale of the latter property is not before us and we reach no conclusions with respect thereto. We find no justification for petitioner's apparent attempt to combine the use of sections 1031 and 1034 to obtain nonrecognition of his gain on the sale of the property at 455 North 35th Street, Seattle, Wash. Each of those *288 sections was enacted to provide relief in the specific circumstances covered therein and there is no authority for combining two separate transactions to gain partial nonrecognition of gain under one section and nonrecognition of the remaining gain under the other section. Petitioner's reliance on Sayre v. United States, 163 F. Supp. 495, is misplaced. There the taxpayer exchanged property on which was located both a farm and his personal residence for another farm and $15,200 cash "boot." He reinvested a part of the cash in another personal residence and claimed that part of the boot was nontaxable. The question before the court was really as to the allocation of the cash received in the exchange between the residence and the farm. Here there were two separate and independent sales and the only one upon which gain was reailzed was the sale of investment property for cash. Decision will be entered under Rule 50. Footnotes
1. Petitioner concedes that he received interest income in the amount of $514.71 and additional salary in the amount of $223.32 in the year 1961. Respondent concedes that petitioner incurred and paid deductible rental expenses in the amount of $450 in 1960. Respondent also concedes that the useful lives for computing depreciation on petitioner's two rental properties, and the improvements thereon, are 15 years.↩